|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| JAMES JAY ISOM, § | |
| § | |
| Petitioner, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:15-CV-136 |
| § | |
| WARDEN DALLAS B. JONES, § | |
| § | |
| Respondent. § | |

# MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

James Jay Isom, proceeding *pro se*, filed this petition for writ of habeas corpus. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court.

The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter. The magistrate judge recommends that the petition be dismissed without prejudice.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner asks the court to order the Bureau of Prisons to provide him with approximately $12,810 to pay for living expenses when he is released from prison. The magistrate judge concluded that as a finding in petitioner's favor would not result in him being released earlier than would otherwise be the case, he could not pursue his claims in a petition for writ of habeas corpus.

In his objections, petitioner asks that his filing be construed as a civil rights action. As petitioner is proceeding *pro se*, he is entitled to have his filing liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even if petitioner's filing is construed as a civil rights action, he is still not entitled to relief.

Title 18 U.S.C. § 3624(d) provides that when a prisoner is released from confinement, the Bureau of Prisons shall furnish him with: (1) suitable clothing; (2) an amount of money, not more than $500, determined to be consistent with the needs of the offender and the public interest, unless it is determined that the financial position of the prisoner is such that no sum should be furnished; and (c) transportation to the place of the prisoner's conviction, to the prisoner's *bona fide* residence within the United States, or to such other place within the United States as may be determined to be proper. The decision as to whether or not to provide a prisoner with a gratuity upon release is discretionary. *Kenan v. Francis*, 2006 WL 3900109, at *5 (N.D. W. Va. June 3, 2006); *Palmer v. Federal Bureau of Prisons*, 2006 WL 533511, at *2 (D.Ore. Mar. 2, 2006).

Providing a prisoner with a release gratuity of any amount is discretionary and Section 3624(d) caps the amount of a release gratuity at $500. Petitioner has identified no authority which would permit the Bureau of Prisons to provide him with a release gratuity of more than $500 or require the Bureau to provide him with any gratuity at all. As a result, even if petitioner's filing is construed as a civil rights action, he has failed to state a claim upon which relief may be granted. His filing will therefore be dismissed.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered dismissing this matter.

SIGNED at Beaumont, Texas, this 19th day of August, 2015.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE